UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SAMANTHA LEA ROTHMAN,<br>minor, and DANIEL ROTHMAN,<br>individually and as Parent<br>and Natural Gaurdian of<br>SAMANTHA LEA ROTHMAN<br>        Plaintiffs,<br><br>     v.<br><br>CITY OF NORTHFIELD, CHIEF<br>ROBERT L. JAMES, OFFICER<br>MARTIN PEARY, NORTHFIELD<br>SCHOOL DISTRICT,<br>NORTHFIELD BOARD OF<br>EDUCATION, DR. RICHARD<br>STEPURA, SUPERINTENDENT<br>OF NORTHFIELD SCHOOL<br>DISTRICT, AND LINDA<br>ALBRIGHT, BUSINESS<br>ADMINISTRATOR OF NORTHFIELD<br>SCHOOL DISTRICT, JOHN DOES<br>(#1-#100), fictitious names:<br>jointly, severally and/or<br>in the alternative,<br><br>        Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 09-1877 (JEI)<br><br>**OPINION** |

**APPEARANCES:**

Arthur J. Murray, Esq.
JACOBS & BARBONE, PA
1125 Pacific Avenue
Atlantic City, NJ 08401
            Counsel for Plaintiffs

A. Michael Barker, Esq.
BARKER, SCOTT & GELFANO
Linwood Greene
210 New Road
Suite 12
Linwood, NJ 08221
            Counsel for Defendants City of Northfield, Chief
            Robert L. James and Officer Martin Perry

Michael Vincent Madden, Esq.

Timothy R. Bieg, Esq.
MADDEN & MADDEN
108 Kings Highway East
Suite 200
P.O. Box 210
Haddonfield, NJ 08033-0389
            Counsel for Defendants Northfield school District,
            Northfield Board of Education, Dr. Richard Stepura
            and Linda Albright


**IRENAS**, Senior District Judge:

This dispute arises out of an alleged altercation between Plaintiff Daniel Rothman and Defendant Officer Martin Peary on January 6, 2009. Rothman, along with his daughter, filed a complaint, under 42 U.S.C. § 1983, alleging a number of constitutional violations.[1] Presently before the Court is the Motion to Dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), filed on behalf of Defendants Northfield School District, Northfield Board of Education, Dr. Richard Stepura and Linda Albright (collectively "the School District Defendants").

For the reasons set forth below, the Motion will be granted without prejudice and with leave for Plaintiffs to file an

---

[1] Plaintiffs allege violations of their procedural and substantive due process rights, their right to be free from unreasonable searches and seizures and their right to be free from cruel and unusual punishment as guaranteed by the First, Fourth, Eighth, Ninth and Fourteenth amendments of the United States Constitution. Complaint, Count One, ¶47. Plaintiffs filed an amended complaint on September 12, 2009 to include multiple claims under New Jersey law. Plaintiffs currently have a motion pending before Magistrate Judge Karen M. Williams to amend the complaint a second time. (Doc. No. 25). Defendants' Motion to Dismiss was filed on May 1, 2009, nearly four months before the First Amended Complaint was filed. Both the First Amended Complaint and the proposed Second Amended Complaint were filed for the sole purpose of including state law causes of actions, which could not be filed sooner in accordance with the New Jersey Tort Claims Act, N.J.S.A. 59:8-8. As such, neither the First Amended Complaint nor the proposed Second Amended Complaint cure the Plaintiffs' failure to state a claim upon which relief can be granted

amended complaint.[2]

# I.

On January 6, 2009, Rothman arrived at the Northfield Community School to drop his daughter off at Kindergarten and found all of the handicapped parking spots occupied.  Rothman, who is disabled, pulled his car over in "as unobtrusive a location as possible" to leave it there temporarily and escort his daughter into school.  Brief Opposing Defendants Northfield Board of Education, Northfield School District, Superintendant Richard Stepura and Business Administrator Linda Albright's Rule 12(b)(6) Motion to Dismiss, 2 (hereafter referred to as Plaintiffs' Opposition Br.).  Before Rothman left his car, Officer Martin Peary, who was stationed at the Northfield Community School, instructed Rothman to move his car, as it was illegally parked.  A physical altercation between Rothman and Officer Peary resulted.  The complaint contends Officer Peary forcibly handcuffed and dragged Rothman to Peary's police vehicle before transporting him to the Police Station.  Furthermore, the complaint alleges Samantha Lea was left "on the public sidewalk in front of a public school hysterically crying, exposed to the winter elements (cold, wind & rain), without any adult supervision from a parent, teacher or administrator of the

---

[2]  The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a)(3).

school." Complaint, Count Two, ¶2.

With respect to claims against the School District Defendants, Rothman contends they "made decisions over for [sic] the operation of the Northfield Community School . . . implementing security measures designed to protect students and parents within said school, including, but not limited to supplying handicapped parking and controlling traffic, which resulted in Defendant Officer Peary being on the grounds of the Northfield Community School on January 6, 2009." Complaint, Count Five ¶2.  Rothman also alleges that the School District Defendants, by way of their implemented policies and their failure to modify the flawed policies, "aided and abetted the constitutional deprivations" of Officer Peary. *Id.* at ¶3.

Finally, in Count Six, Rothman contends Northfield School District and Northfield Board of Education were deliberately indifferent to the constitutional rights of the Plaintiffs by "failing to adequately screen or train its municipal employees" and "failing to equip them with specific tools necessary to handle recurring and predictable situations, such as the one" involving the Plaintiffs." *Id.* Count Six, ¶3.  In sum, that is the totality of the claims against the School District Defendants: aiding and abetting Officer Peary in violating Rothman's constitutional rights by both designing and implementing the rules of the parking lot at the school and also failing to train its employees to deal with the resulting

4

situation.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  As a result of two recent Supreme Court cases, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (May 18, 2009), the Court evaluates a 12(b)(6) motion differently than in the past.  "[P]leading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside*, 2009 WL 2501662 at 8 (3d Cir. Aug, 18, 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face."  *Iqbal,* 129 S. Ct. at 1949 (internal quotations omitted).  Furthermore, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In considering a Rule 12(b)(6) motion, the Court accepts as true all of the factual allegations contained in the complaint and any reasonable inferences that can be drawn therefrom.  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  However, as the United

States Supreme Court highlighted in *Iqbal*, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  *Iqbal*, 129 S.Ct. at 1949.  Thus, after *Iqbal*, "to prevent dismissal, all civil complaints must now set out sufficient *factual* matter to show that the claim is facially plausible."  *Fowler*, 2009 WL 2501662 at 9 (emphasis added).

As dictated by *Iqbal*, the Court shall conduct a two-part analysis.  "First, the factual and legal elements of a claim should be separated. . . .  Second, the District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief."  *Id.* at 11.  The Court then uses its judicial experience and common sense to determine if the facts, when taken as true, show the plaintiff is entitled to relief.

## III.

The Court agrees with the School District Defendants who note that "there is a complete absence of any specific factual allegations [in the complaint] which even remotely suggest that Plaintiffs are entitled to relief from" them.  Rule 12(b)(6) is explicit that the Court must consider only the face of the complaint when determining if the plaintiff has pleaded sufficient facts.  *See Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) ("In deciding motions to dismiss pursuant to

Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.  A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint.'" (Internal citations omitted)).  Just on the face of the complaint, Plaintiffs do not allege sufficient facts to survive a 12(b)(6) motion.

It is a matter of settled law that a "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be cannot be predicated solely on the operation of *respondeat superior*."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  However, "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.*  The complaint is devoid of any specific allegations against any of the School District Defendants regarding personal involvement, knowledge or acquiescence of any of the alleged events of January 6, 2009, other than the fact they allegedly knew Officer Peary would be at the school.

Throughout the complaint, Plaintiffs make reference to the traffic congestion and the lack of available parking spaces at Northfield Community School.  Complaint, Count One, ¶13.  Traffic congestion and lack of available parking spaces would seem to be a continuous problem at every school, not just Northfield

Community School.  When parents, school buses and carpools are
all dropping children off at the same time, at the same location,
there are bound to be instances of traffic congestion and
occupied parking spots.  Plaintiffs cannot simply state there was
traffic congestion at the school and *ipso facto* the School
District Defendants aided and abetted Officer Peary in the
alleged violation of their constitutional rights.  To survive the
12(b)(6) hurdle, Plaintiffs' Complaint must contain a higher
level of factual specificity and closer connection of the facts
to the conduct alleged.

## IV.

When a case is dismissed under Rule 12(b)(6), plaintiffs are
provided with an opportunity to amend their complaint even if
they do not seek leave to amend, unless the amendment would be
inequitable or futile.  *Phillips v. County of Allegheny*, 515 F.3d
224, 245 (3d Cir. 2007).  As both parties acknowledge, the
Plaintiffs have this judicially-created opportunity to amend the
complaint.  The School District Defendants contend such an
amendment would be futile because "no set of facts that could be
alleged . . . " would support a claim against" them as the facts
are too attenuated.  The School District Defendants Reply Br.,
15. It is difficult for this Court to envision a state of facts
in which a school board is responsible for training a police

8

officer in handling traffic congestion.  It is equally difficult for the Court to posit a legally sufficient connection between traffic congestion at a school and an altercation between a police officer and a parent over the improper parking of the parent's car. Nevertheless, because it is impossible to anticipate all possible factual scenarios, the Court will allow Plaintiffs to attempt to amend their complaint once more.

## V.

For the reasons stated above, the School District Defendants Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) shall be granted.  Plaintiffs shall have leave to move to amend their First Amended Complaint on or before November 2, 2009. A copy of the proposed Second Amended Complaint must be attached to the motion. The presently pending motion to file a Second Amended Complaint (Docket No. 25) is hereby dismissed as moot, since that proposed amendment does not deal with the issues raised in this opinion. However, any new state law claims which the Plaintiffs wish to add may be included in the motion for a new proposed Second Amended Complaint as permitted by this Opinion.  The Court will issue an appropriate order.

Date: September 30, 2009


                         <u>      S/ Joseph E. Irenas     </u>

                         JOSEPH E. IRENAS, S.U.S.D.J.