UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
SAMANTHA LEA ROTHMAN,      :
minor, and DANIEL ROTHMAN, :
individually and as Parent :
and Natural Guardian of    :
SAMANTHA LEA ROTHMAN       :    HONORABLE JOSEPH E. IRENAS
        Plaintiffs,        :
                           :    CIVIL ACTION NO. 09-1877 (JEI)
     v.                    :
                           :        OPINION
CITY OF NORTHFIELD, CHIEF  :
ROBERT L. JAMES, OFFICER   :
MARTIN PEARY, NORTHFIELD   :
SCHOOL DISTRICT,           :
NORTHFIELD BOARD OF        :
EDUCATION, DR. RICHARD     :
STEPURA, SUPERINTENDENT    :
OF NORTHFIELD SCHOOL       :
DISTRICT, AND LINDA        :
ALBRIGHT, BUSINESS         :
ADMINISTRATOR OF NORTHFIELD:
SCHOOL DISTRICT, JOHN DOES :
(#1-#100), fictitious names:
jointly, severally and/or  :
in the alternative,        :
                           :
        Defendants.        :
```

**APPEARANCES:**

Arthur J. Murray, Esq.
JACOBS & BARBONE, PA
1125 Pacific Avenue
Atlantic City, NJ 08401
            Counsel for Plaintiffs

A. Michael Barker, Esq.
BARKER, SCOTT & GELFANO
Linwood Greene
210 New Road
Suite 12
Linwood, NJ 08221
            Counsel for Defendants City of Northfield, Chief
            Robert L. James and Officer Martin Perry

Michael Vincent Madden, Esq.

Timothy R. Bieg, Esq.
MADDEN & MADDEN
108 Kings Highway East
Suite 200
P.O. Box 210
Haddonfield, NJ 08033-0389
             Counsel for Defendants Northfield school District,
             Northfield Board of Education, Dr. Richard Stepura
             and Linda Albright


**IRENAS**, Senior District Judge:

This dispute arises out of an alleged altercation between Plaintiff Daniel Rothman and Defendant Officer Martin Peary on January 6, 2009.  Rothman, along with his daughter, Samantha Lea, filed a complaint, under 42 U.S.C. § 1983, alleging a number of constitutional violations.[1]  Presently before the Court is a Motion to Dismiss the Second Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), filed on behalf of Defendants Northfield School District, Northfield Board of Education, Dr. Richard

---

[1] In the Complaint and First Amended Complaint Plaintiffs originally alleged violations of their procedural and substantive due process rights, their right to be free from unreasonable searches and seizures and their right to be free from cruel and unusual punishment as guaranteed by the First, Fourth, Eighth, Ninth and Fourteenth amendments of the United States Constitution against all of the Defendants.  Complaint, Count One, ¶47; First Amended Complaint, Count One, ¶48.  After this Court granted Defendants, Northfield School District, Northfield Board of Education, Dr. Richard Steptura and Linda Albright (collectively the "School District Defendants")'s motion to dismiss the First Amended Complaint, Plaintiffs requested and received permission to file a Second Amended Complaint.  This Complaint does not include any of the federal claims against the School District Defendants but retains the federal claims against all other Defendants.  Plaintiffs' claims against the School District Defendants are now solely based upon New Jersey state law.

Stepura and Linda Albright (collectively "the School District Defendants").[2]

Pursuant to 28 U.S.C. § 1367(c)(1), the Court will decline to exercise supplemental jurisdiction over the New Jersey state law claims alleged against the School District Defendants, because the claims raise novel and complex state law issues. Thus, the Second Amended Complaint with regards to the School District Defendants shall be dismissed without prejudice.

## I.

On January 6, 2009, when Rothman arrived at the Northfield Community School to drop his daughter off at Kindergarten, he found all of the handicapped parking spots occupied. Rothman, who is disabled, pulled his car over in "as unobtrusive a location as possible" to leave it there temporarily and escort his daughter into school. Brief Opposing Defendants Northfield Board of Education, Northfield School District, Superintendent Richard Stepura and Business Administrator Linda Albright's Rule 12(b)(6) Motion to Dismiss, 3 (hereafter referred to as Plaintiffs' Opposition Br.). Before Rothman left his car, Officer Martin Peary, who was stationed at the Northfield Community School, instructed Rothman to move his car, as it was illegally parked. A physical altercation between Rothman and

_____

[2] The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1367(a).

Officer Peary resulted.  The complaint contends Officer Peary forcibly handcuffed and dragged Rothman to Peary's police vehicle before transporting him to the Police Station.  Furthermore, the complaint alleges Samantha Lea was left "on the public sidewalk in front of a public school hysterically crying, exposed to the winter elements (cold, wind & rain), without any adult supervision from a parent, teacher or administrator of the school."  Second Amended Complaint, Count Two, ¶2.

The First Amended Complaint was dismissed by this Court on September 30, 2009 pursuant to Fed. R. Civ. P. 12(b)(6) because the plaintiffs did not present enough factual specificity as to the School District Defendants, to survive a Rule 12(b)(6) motion.  The Court granted Plaintiffs an opportunity to amend and present more factual specifics as to the School District Defendants' role in the incident.

In the Second Amended Complaint, Plaintiffs do not raise the level of specificity in their factual contentions against the School District Defendants (as was expected) but instead only allege state law claims against the School District Defendants.[3] They specifically allege that the School District Defendants "grossly breached" their duty pursuant to N.J.S.A. 39:4-207.9,[4]

---

[3]Plaintiffs were barred by N.J.S.A. 59:8-8 from filing any state law claims for six months after the incident. Thus, they were not included in the First Complaint, or the First Amended Complaint.

[4]N.J.S.A. 39:4-207.9 states

on January 6, 2009, "by allowing non-designated vehicles to occupy handicapped parking spaces."  Second Amended Comp., Count 15, ¶4.  This duty, Plaintiffs contend, represents a ministerial function pursuant to N.J.S.A. 59:2-3(d)[5] for which a public entity can be held liable.

Plaintiffs also contend that the School District Defendants "directly and/or indirectly denied to Plaintiff . . . access to the Northfield Community School in violation of the New Jersey Law Against Discrimination ("NJ LAD"), N.J.S.A. 10:5-12(f)(1)".[6]

---

a. A person who owns or controls a parking area which is open to the public . . . shall be responsible for assuring that access to these special parking spaces and to curb cuts or other improvements designed to provide accessibility for handicapped persons is not obstructed.

[5] N.J.S.A. 59:2-3(d) states

A public entity is not liable for the exercise of discretion when in the face of competing demands, it determines whether and how to utilize or apply existing resources, including those allocated for equipment, facilities and personnel unless a court concludes that the determination of the public entity was palpably unreasonable. Nothing in this section shall exonerate a public entity for negligence arising out of acts or omissions of its employees in caring out their ministerial functions.

[6] N.J.S.A. 10:5-1 *et seq.* is the New Jersey Law Against Discrimination (LAD) which provides that "[a]ll persons shall have the opportunity . . .to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation . . . without discrimination." N.J.S.A. 10:5-4.
N.J.S.A. 10:5-12 specifically deals with unlawful employment practice or unlawful discrimination, providing that "[i]t shall be an unlawful discrimination . . . [f]or any owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . [to] withhold from or deny to

Second Amended Compl., Count 16, ¶5.  Finally Plaintiffs contend
Defendants Stepura and Albright "by their actions, aided and
abetted the violations as set forth above in contravention to
N.J.S.A. 10:5-12(e)" and further, that the Northfield School
District and the Northfield Board of Education are responsible
for the acts of Stepura and Albright under the doctrine of
*Respondeat Superior.*  *Id.* Count 18, ¶2.


## II.

When a court has original jurisdiction over a case because
of the federal constitutional claims alleged against a defendant,
the court "has supplemental jurisdiction 'over all other claims
that are so related to claims in the action within such original
jurisdiction that they form part of the same case or controversy
under Article III of the United States Constitution.'"  *Lentz v.
Mason*, 961 F. Supp. 709, 717 (D.N.J. 1997)(quoting 28 U.S.C. §
1367(a)).

Congress provided district courts with the discretion to
decline this supplemental jurisdiction in four specific
circumstances. Under 28 U.S.C. § 1367(c), it is appropriate for a
district court to decline supplemental jurisdiction over state
law claims if:(1) the claim raises a novel or complex issue of
State law, (2) the claim substantially predominated over the

---

any person any accommodations, advantages, facilities or
privileges thereof." N.J.S.A. 10:5-12(f)(1).

claim or claims over which the district court has original
jurisdiction, (3) the district court has dismissed all claims
over which it has original jurisdiction, or (4) in exceptional
circumstances, there are other compelling reasons for declining
jurisdiction.  A district court, may, therefore, in its
discretion, decline supplemental jurisdiction over state law
claims if the claims raise novel or complex issues of state law.[7]
*See Trump Hotels & Casino Resorts v. Mirage Resorts*, 140 F.3d
478, 487 (3d Cir. 1998).

"[I]t is clear that this court may exercise supplemental
jurisdiction over state law claims involving defendants against
whom no federal cause of action is stated, as long as a federal
cause of action is stated against another defendant, and the
state law claims satisfies the 'same case and controversy'
requirement of Article III." *Lentz,* 961 F. Supp. at 717.
"Nevertheless, when all federal claims against a party have been
eliminated from a case, the district court may, in its
discretion, decline to exercise supplemental jurisdiction over
the remaining state law claims." *Id.*

"[S]ection (c)(1) [of 28 U.S.C. § 1376] indicates and Courts
have held that dismissal is proper where exercising jurisdiction
over the claims may require the resolution of novel or unsettled

---

[7] Subsection 3 is not relevant in this context as the Court
has not dismissed the federal claims alleged against Office
Peary.

7

questions of state law." *Goodwin v. Seven-Up Bottling Co. of Phila.,* 1996 WL 601683, *6 (E.D.Pa. 1996).  The court should make a prudential decision whether to exercise its discretionary supplemental jurisdiction.  "[A] district court must take into account principles of judicial economy, and fairness to the litigants." *Hollus v. Amtrak Northeast Corridor,* 937 F. Supp. 1110, 1120 (D.N.J. 1996)(citing to *Borough of West Miffling v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

### III.

As the Plaintiffs specifically state in their Opposition Brief, they "opted not to seek to amend their original federal causes of action against the School District Defendants, but instead sought only to plead, for the first time, New Jersey state law causes of action against the School District Defendants."  The factual predicate necessary to determine the merits of Plaintiffs' claims against the School District Defendants is simply that Rothman drove to Northfield Community School and all of the designated handicapped spaces were occupied.  No other relevant facts are alleged in the complaint against the School District Defendants.

There does not appear to be any New Jersey court decisions from which a federal court could, with any certainty, conclude that the state would recognize the causes of action asserted by

plaintiff.[8],[9]

────────────────

[8]Plaintiff contends that under N.J.S.A. 39:4-207, the School District Defendants "owed a non-discretionary duty to Plaintiff . . . to assure non-obstructed access to designated handicapped parking, spaces which said duty represents a ministerial function pursuant to N.J.S.A. 59:2-3(d). There is no legal support for the proposition that this statute can be used as a private cause of action.  In determining whether a statute implicitly creates a private cause of action, Courts should consider (1) whether plaintiff is a member of the class for whose benefit the statute was enacted; (2) whether there is any evidence that the Legislature intended to create a private cause of action under the statute; and (3) whether such an implied private cause of action would be consistent with the underlying purposes of the legislative scheme. *Matter of State Comm'n of Investigation,* 527 A.2d 851, 854, (1987)(quoting *Cort v. Ash,* 422 U.S. 66, 78 (1975)).

There is nothing in the text of the statute itself which suggests N.J.S.A. 39:4-207 creates a private right of action, and the rest of the statute deals with the removal of snow and ice and various monetary penalties for violating these removal processes.  As the Defendant notes, this is a novel claim under N.J.S.A. 39:4-207.  Br. in Support of the Motion, 7.  Plaintiffs make no legal argument or provide support for the contention that N.J.S.A. 39:4-207 provides a private right of action.

[9]Plaintiffs' only legal support for the validity of its NJ LAD claim is easily distinguishable from the case at bar on the facts alone.  Plaintiffs contend New Jersey state courts have "specifically allowed a cause of action to be brought for failing to provide a reasonable handicapped parking accommodation under" New Jersey LAD. Pl. Opp. Br., 11.  They cite to *The Estate of Nicolas v. Ocean Plaza* as evidence of the validity of their claim, but when examining the case, the factual and legal circumstances are distinct from the case at bar. 909 A.2d 1144 (N.J.Super.A.D. 2006).  In *Ocean Plaza*, the plaintiff filed an NJ LAD claim against a condominium complex for refusing to assign his disabled mother a parking space close to the elevator in the parking garage of the complex. In other words, the plaintiff alleged the complex did not have proper accessible parking for the handicapped, 909 A.2d at 1147, instead of alleging, as in the case at bar, that the handicapped amenities were simply in-use at the time Plaintiffs needed them.  Furthermore, the state court in *Ocean Plaza* was quick to narrow its holding to the facts presented, stating "[w]e made it clear that a duty to provide a

Plaintiffs contend that the School District Defendants denied them access to the Northfield Community School by not ensuring that handicapped spaces were available for their use during the few minutes of each morning when cars arrive *en masse* to discharge students for a day of schooling. If a court were to find that this legal theory supported a claim upon which relief could be granted, then every school might be legally required to provide an indeterminate and variable number of handicapped spaces and to provide monitors who would somehow make sure that non-handicapped drivers did not briefly park in handicapped spots to drop off their children.  This rule of law might impose a significant burden on the State's hundreds of school districts. A state court is in the best position of weigh the legal and policy considerations needed to resolve this issue.[10]

As the Court stated in its first opinion granting Defendants' first Motion to Dismiss, traffic congestion and lack of available parking spaces would seem to be a continuous problem at most schools, not just Northfield Community School.  When

---

reasonable accommodation for a resident with a disability does not necessarily entail the obligation to do everything possible to accommodate such a person." *Id.* at 1154 (internal quotations omitted).  Thus, Plaintiffs' support for the validity of their claim under the NJ LAD is easily distinguishable from the case at bar.

[10]The last two claims against the School District Defendants, aiding and abetting and *Respondeat Superior*, are both derivatives of the NJ LAD claim.

parents, school buses and carpools are all dropping children off at the same time, at the same location, there are bound to be instances of traffic congestion and occupied parking spots.  As a matter of both comity and deference, evaluating this problem should be left to the purview of the New Jersey state government, including the state judiciary.[11]

Finally, this Court notes that Plaintiffs' claims against the School District Defendants have nothing to do with the federal claims against Officer Peary.  Plaintiffs contend the School District Defendants did not accommodate them as required legally by the state of New Jersey because there were no unoccupied handicapped spots when he arrived at the school. That is the end of the conduct Plaintiff alleges. These allegations are distinct from Plaintiffs' claims against Officer Peary. "To retain supplemental jurisdiction over these claims would bring additional facts not necessary to determining the lawfulness of Plaintiffs' arrest."  *Crane v. Cumberland county, PA,* 2000 WL 34567277, *15 (M.D.Pa 2000).

The Court has not yet reached the merits of the Plaintiffs' claims and thus far discovery has been limited, so Plaintiffs

---

[11]The Court is aware that in general, the New Jersey state courts' practice when interpreting provisions of the New Jersey LAD is to look to the federal precedent governing Title VII, yet it would be hard pressed to find any federal Title VII cases with fact patterns similar to those alleged in the Second Amended Complaint.

will not be prejudiced by the Court's dismissal of its state law claims.  Additionally, a New Jersey court is better suited to determine the merit of these novel claims in light of the real life impact it might have on the school districts of New Jersey and possibly other public entity in the state.

## V.

For the reasons stated above and in accordance with 18 U.S.C. 1367(c)(1), the Court declines to exercise supplemental jurisdiction over the New Jersey state law claims against the School District Defendants asserted in the Second Amended Complaint, and these claims will be dismissed without prejudice. Defendants' motion under Fed. R. Civ. P. 12(b)(6) will dismissed as moot.  The Court will issue an appropriate order.

Date: June 10  , 2010

 s/ Joseph E. Irenas
JOSEPH E. IRENAS, S.U.S.D.J.